GLADNEY, Judge.
Plaintiff was granted a permanent injunction, prohibitory and mandatory, against a threatened violation of a building restriction imposed on property in the Eastridge Subdivision of the City of Shreveport. This appeal is lodged by the defendant.
John T. Guyton owns Lot 18 and a portion of Lots 19 and 20, and James H. Yancey owns a portion of Lot 24 and a portion of Lot 25 of the Eastridge Subdivision. The part of the subdivision lying west of Gilbert Avenue as depicted on a map dated November 10, 1938, recorded in Book A 300, page 272, correcting a prior recorded map of said subdivision, is reproduced herewith. The subdivision comprises forty-six lots, thirty-four of which are situated west of and twelve east of 'Gilbert Avenue. The total acreage thereof is about eighty acres, approximately one-half being on either side of Gilbert Avenue. The sizes of the lots on the west side of Gilbert Avenue vary from slightly more than one-half an acre to greater than one and one-half acres. The lots to the

*624

*625

*626 east of Gilbert Avenue vary from approximately two acres to five acres. The land is described as wooded and rolling. A legal description of the subdivision is: Southeast Quarter of the Northwest Quarter (SE 14 of NW 14), and Lot Two (2), and the south two hundred feet (2000 °f the Northwest Quarter of the Northeast Quarter (NW 54 of NE 14), Section Nineteen (19), Township Seventeen North (17 N.), Range Fourteen West (14 W.), Caddo Parish, Louisiana.
On June 30, 1926, all of the then owners of the aforesaid property filed a joint declaration imposing and stipulating certain conditions and restrictions upon the sale and use of the property embraced in the subdivision. Among these were restrictions providing that it should be used exclusively as a white residential section, expressly stating that at no time should any property thereof be sold to any person of the Negro, Mexican or Mongolian races; that no main residential building could be erected nearer than thirty feet to either side of the property line; and no building could be erected within eighty feet from the front property line. Further conditions affected the erection of out-buildings and it was stipulated no house costing less than $15,000 could be built upon any of the lots comprising such subdivision. The latter provision was later corrected to read $10,000. The agreement declared that the stated conditions were agreed to be beneficial to all of the parties filing the agreement.
Plaintiff alleged that defendant on February 13, 1959, commenced the construction of certain improvements on a part of Lot 24 of the subdivision closer than eighty feet to the front line of the property; that he promptly notified Yancey of his objection to the threatened violation of the building restriction and was told by Yancey that he did not intend to comply with covenants and restrictions applicable to the property located in the Eastridge Subdivision. Thereafter this suit was instituted.
In his answer to plaintiff’s petition, the defendant specially plead that the general scheme for Eastridge Subdivision established by its sub-dividers has been abandoned, and that there has been a general and universal waiver and relinquishment of the building restriction clauses through acquiescence of the several land owners, including plaintiff, who, it is averred, has violated the restrictions himself. Among the restrictions enumerated as being generally disregarded is the eighty foot set back restriction. It is further asserted that more than fifty per cent of the lots have been re-subdivided, that streets originally dedicated have been closed and abandoned, and that new streets have been cut through lots, and that houses have been faced in directions not originally intended.
Upon trial of the rule that trial judge made two rulings with reference to the admissibility of certain evidence which were objected to by counsel for appellant, who renews the same objections before this court. The rulings restricted defendant’s evidence of violations of the covenants to that portion of the Eastridge Subdivision lying west of Gilbert Avenue, and also limited all evidence of violations to the eighty foot set back restriction. We approve the holdings of the judge as being in accord with Louisiana jurisprudence.
What appears to be the leading case upon the right to enforce building restrictions is Edwards v. Wiseman, decided by this and the Supreme Court in 1941. The Court of Appeal decision is reported in 3 So.2d 655, and was reviewed by the Supreme Court in 198 La. 382, 3 So.2d 661, 665. The Supreme Court made the following pronouncement which has been repeatedly adhered to by the appellate courts of this state:
“The question of whether or not there has been a general waiver or relinquishment of the restrictive clauses by common consent or universal acquiescence due to multiple violations without protest or objection depends *627 upon the facts of each case. In the instances where the violations have been so general or substantial without protest as to defeat the objects and purposes of the building restrictions, the courts have held that the restrictions are waived or relinquished and cannot subsequently be enforced. On the other hand, where there have been several violations but not in the immediate neighborhood or in close proximity or adjoining the property of the owners who make the complaint, they have not lost their right to obtain relief through the court enforcing the restrictive clauses. Caldwell v. Donaghey, 108 Ark. 60, 156 S.W. 839, 45 L.R.A.,N.S., 725, Ann.Cas.1915B, 133; Note, 46 A.L.R. 373, 375; O’Gallagher v. Lockhart, 263 Ill. 489, 105 N.E. 295, 52 L.R.A.,N.S., 1044.”
The court noted the violations complained of pertained only to corner lots in Unit 1 of the Broadmoor Subdivision of Shreveport, the evidence disclosing that twenty-three out of twenty-eight corner plots had been altered and residences were erected thereon facing streets other than as provided on the original plat. The Court of Appeal held acquiescence between subdivision lot owners in violation of the restriction of the distance of dwellings from side streets constituted an abandonment of that restriction. The Supreme Court affirmed, except for a disallowance of attorney’s fees, and their views were in accord with those of this court. The Supreme Court, however, was careful to declare:
“This opinion is confined strictly to the particular building restriction clauses in question in so far as they affect corner lots on Atlantic Avenue and the intersecting streets and in no wise affects any other building restrictions in connection with the development of Broadmoor Subdivision, Unit No. 1.”
In view of the legal principles so stated, our examination of the case will be confined to evidence of violations relating to the eighty-foot set back covenant and such violations thereof as have occurred on the west side of Gilbert Avenue, violations of other covenants or those affecting property on the east side of Gilbert Avenue being immaterial.
The evidence shows some residences were erected which did not exactly comply with the eighty-foot set back condition. Some of these were so negligible they could hardly be said to be perceptible, and obviously could be determined only by an accurate measurement. Such technical violations can in no wise, we think, add to or take from the objects and purposes of the general scheme of development and will, therefore, be disregarded as immaterial to the issue.
In our opinion only five violations can be said to require serious consideration. These affect Lot 27 and a part of Lot 28, resubdivided and improved by the erection thereon of two houses, each of which is set back seventy feet from Creswell Street (the only street adjacent to their property, that part of Drexel Drive west of the north-south line between Lots 28 and 29 having been abandoned up to Creswell Street), the houses on Lots 17, 32 and 9 being set back 76, 70, and 75 feet respectively, from the front property line. With reference to the last mentioned three violations there was a conflict in the evidence as to the distance, plaintiff’s engineers having measured the set back distances as 80.46, 71.03, and 73.73 feet respectively. In addition to these violations defendant’s engineer measured the set back of plaintiff’s home as being 76 feet, whereas the engineer of Guyton measured this distance to be 77.80 feet. None of the aforesaid violations exceed 10 feet, whereas defendant’s proposed structure would be set back from the street 52.20 feet. The two homes erected on Lot 27 which face Creswell Street, and which were set back approximately 70 feet from the street, can have no appreciable effect upon the Guyton’s *628 premises forasmuch as they front a different street and their distance from Creswell Street is approximately J^ths of the 80 foot requirement. The same may be said of the other residences. We do not intend to leave the impression that simply because such homes front on different streets, violations by the property owners do not affect the general scheme of development or the property rights of a party on a different street within the neighborhood, but we do think there is less effect upon the com-pla^iant.
Our opinion is that a tolerance of 10 feet on an 80-foot frontal set back requirement does not necessarily constitute such a substantial violation as to warrant emasculating the restriction altogether. The defendant, however, is not entitled to this immunity. His proposed construction would violate the covenant by a distance of approximately 27 feet.
Accordingly, the court holds that:
(1) The general scheme of development as established by the subdividers of East-ridge Subdivision has not been abandoned through acquiescence or waiver of the building restriction covenants.
(2) The agreement of June 30, 1926, did not foreclose a division of lots as platted on the map, or the closing or abandonment of streets and the cutting of new streets, or the erection of a home to face a street different from the one indicated on the subdivision map. Such alterations, however, are subject to the condition that each building so changed is not relieved from compliance with the subdivision building restrictions; and
(3) The defendant has threatened a substantial breach of the front set back restriction entitling plaintiff to the injunctive relief sought.
The judgment is affirmed, appellant being taxed with all costs.