FRUGÉ, Judge.
This suit was brought by certain property owners in Bendel Gardens, a subdivision in Lafayette, to force compliance with a building restriction.
The building restriction provides that “no building shall be used for commercial purposes, and no business shall be operated within the said subdivision, except as otherwise herein stipulated.” The defendant Mayer purchased a home in the subdivision in July of 1960. At that time he established an office in a part of his home for the purpose of representing Scharff & Jones of New Orleans in the sale of bonds. In the *357 office Mr. Mayer has a typewriter, telephone, desk, teletypewriter, and other miscellaneous office equipment. He employs a full time stenographer to work in the office. Mr. Mayer does about $5,000,000 worth of business per year. Most of it is conducted by telephone and contacts away from the office. Business guests rarely call at the office. There are no signs on the exterior of the home indicating that an office is located there.
Plaintiffs brought suit to permanently enjoin defendant Henry Mayer from violating the building restriction. Joined as party defendants were Scharff & Jones, Southern Bell Telephone and Telegraph Co., and Joseph R. Oelkers, Jr.; it was alleged that they conspired with defendant Henry Mayer to violate the building restriction. Harold J. Delhommer, Jr., a resident and property owner of the subdivision, later intervened in the suit. The district court rendered judgment in favor of the defendants, holding that the action had prescribed under LSA-R.S. 9:5622(A). This judgment is now before us on appeal.
Suit was also brought against Mr. and Mrs. Samuel Walter for operating a beauty parlor in the subdivision. However, Mr. and Mrs. Walter confessed judgment and the suit was terminated. Therefore, that action is not before us on appeal.
Several issues are involved in this case. There is some question as to whether some of the appellants filed their appeals timely. There is a dispute as to whether some of the defendants have a right of action in the case. There is also some question as to whether defendant Henry Mayer actually violated the building restriction. However, we need not consider any of these issues because we have concluded that the action has been prescribed under LSA-R.S. 9:-5622(A).
LSA-R.S. 9:5622(A) provides that “[ajctions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.” (Emphasis added.)
“It is too well settled to require citation in support thereof that stipulations contained in restrictive covenants are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property. Here, there is no doubt to be resolved. The restriction against use for general commercial purposes has been violated in excess of two years; therefore, in conformity with the unequivocal language used in the last sentence of the statute, the defendant, predicated on the evidence in this record, is entitled to a judicial declaration that his property is now free from the restriction that he can only use the property for the four limited purposes set forth in the restrictive covenant. If we were to reason otherwise, we would be invading the field of government and legislating rather than functioning as judges and applying the law as we find it.” Chexnayder v. Rogers, La.App., 95 So.2d 381. See also Salerno v. DeLucca, 211 La. 659, 30 So.2d 678.
In the present case the defendant Henry Mayer began operating his office in his home in July of 1960. More than two years elapsed from that time until the bringing of this suit. Therefore, under the clear language of the statute, the action has prescribed.
Plaintiffs contend that the two year prescriptive period is not applicable since defendant Henry Mayer concealed his business operations from other residents of the subdivision. They argue that under these circumstances prescription did not begin to run until the other residents had knowledge of the business operation. Conceding, but not holding, that this is the law, we cannot find any concealment in the present case. Plaintiffs called several witnesses who were residents of the subdivision. They testified *358 that they did not know that defendant Henry Mayer was conducting a business in his home. However, defendant called several residents of the subdivision who testified that they did know of the office. Mr. Mayer was proud of his office and purposely showed it to many of his friends and social guests. The telephone directory showed his business address and residential address to be the same. After weighing all of the evidence, the trial judge found as a fact that defendant Henry Mayer did not conceal his business office or operate in secrecy. The record clearly shows that the trial judge was not manifestly erroneous in this conclusion.
For the foregoing reasons, the judgment of the district court is affirmed. Appellants are assessed costs of this appeal.
Affirmed.