MILLER, Judge.
Plaintiff appeals the dissolution of a temporary restraining order which restrained defendant from constructing a commercial building on Lot 42 and the Southeast sixty (60) feet of Lot 41 of Meaux Subdivision in Lafayette.
Plaintiff’s lots are located within the subdivision and adjoin Lots 42 and a part of 41. It was established that defendant is violating one of the restrictions established when the subdivision was created, but the trial court held that the restriction was rescinded. We agree.
The subdivision was created by dedication recorded July 24, 1950 containing twelve restrictions, and provided that:
“* * * said covenants and restrictions shall be binding on said property from the present date until January 1, 1966, at which time the said restrictions shall be automatically extended for successive periods of ten (10) years without the necessity of any action whatsoever, unless by a vote of a majority of the owners of the lots in said subdivision it' is agreed to change, alter or discontinue any or all of said restrictions and covenants. The action taken by the owners as aforesaid shall extend for successive periods of ten (10) years, and the conditions and covenants may be changed only at the expiration of each said period in the manner set forth.”
By instrument dated and recorded December 30, 1965 the following amendment was accepted by a majority of the owners of lots in the subdivision:
“ * * * Lots Nos. 1, 2 and 42 and the Southeasterly sixty (60') feet of Lot No. 41 of said subdivision may be used for commercial or business purposes with the exception of automobile garages, service stations or filling stations, bars, saloons, drive-in restaurants or cafes, or other drive-in refreshment stands or buildings irrespective of the limitations placed on said lots and portion of lot set forth * * * (in the original dedication) * * * and that all other restrictions, conditions and covenants affecting all of the other lots located in said subdivision shall remain in full force and effect.”
Appellant has not specified errors. He argues in brief that the December 30, 1965 amendment is null and void because (1) it was not signed by all property owners, and (2) it was entered into and and recorded before January 1, 1966.
Neither condition which appellant would have us impose was provided for in the 1950 dedication. Defendant carefully and literally complied with the terms of the 1950 dedication. Had defendant waited until January 1, 1966 to amend the 1950 dedication, the effective date of the amendment would be January 1, 1976.
Construction of the commercial building was commenced in September of 1969, more than three years after the original dedication had been amended to permit the usage to which defendant was placing the property.
Appellant has not cited authority and we know of none to suggest that the contractual provisions of the 1950 dedication or the 1965 amendment are against public policy. Hill v. William P. Ross, Inc., 166 La. 582, 117 So. 725 (1928) is not authority for appellant’s position. Instead, stipulations contained in restrictive covenants are stricti juris and every doubt should be resolved in favor of unencumbered use of property. Fatjo v. Mayer, 162 So.2d 356 (La.App.3d Cir. 1964).
The restrictive covenants in the 1950 dedication burdened the property until January 1, 1966. The amendment approved by the owners of more than one-half of the lots in the subdivision, recorded December 30, 1965 amended the restrictions.
*690 The trial court properly set aside the temporary restraining order and refused to grant the injunction. All costs of this appeal are taxed to plaintiff-appellant.
Affirmed.