259 So.2d 398 (1972)
Berlin FULLER et al., Plaintiffs-Appellants,
v.
HILL PROPERTIES, INC., et al., Defendants-Appellees.
No. 11789.
Court of Appeal of Louisiana, Second Circuit.
February 29, 1972.
*399 Jones, Blackwell, Chambliss, Hobbs & Henry, by James A. Hobbs, West Monroe, for plaintiffs-appellants.
Johnson & Johnson, by Don H. Johnson, Monroe, for defendants-appellees.
Before BOLIN, PRICE and HALL, JJ.
HALL, Judge.
This appeal is from a judgment rejecting plaintiffs' demands for injunctive relief against alleged violations of subdivision restrictions. Plaintiffs are owners of homes in Extension No. 3 of Lakeshore Subdivision in Monroe. The principal defendant is Hill Properties, Inc., which acquired Lot 6 of Block 21 of the subdivision. Defendant constructed and sold a residence on the easterly half of Lot 6 and constructed another residence on the westerly half of Lot 6 which it still owns.
Plaintiffs alleged that the subdivision restrictions prohibit the building of more than one residence on any one lot and that the restrictions have been violated by the construction of two residences on Lot 6. Plaintiffs further alleged that the restrictions provide for a setback of ten feet from the side line of any lot and that the restrictions have been violated in that the roof overhang of the residence constructed on the westerly half of Lot 6 is closer than ten feet to the western side line of the property. The relief prayed for by plaintiffs is the issuance of an injunction prohibiting the continuation of the alleged violations of the restrictions and ordering the demolition of the residence constructed on the westerly half of Lot 6.
Defendants denied that the restrictions prohibit the building of more than one residence on any one lot or that the restrictions prohibit the encroachment of a roof overhang into the ten foot setback area so long as the foundation and side wall of the structure are located beyond the ten foot setback line. Defendants further contended that even if the restrictions were violated, plaintiffs failed to show any irreparable injury or damage necessary to entitle them to the injunctive relief prayed for.
The district court held that defendant had violated the subdivision restrictions in both of the alleged particulars, but rejected plaintiffs' demands on the ground that the court had no right to issue a mandatory injunction ordering demolition of the residence in that the suit was not filed until after completion of the residence and plaintiffs failed to prove any irreparable injury or damage. Plaintiffs appealed.
*400 We affirm the judgment, but on different grounds than those stated by the district court.
The provisions of the subdivision restrictions allegedly violated read as follows:
Restriction No. 9:
"No type of structure shall be built on any lot or portion thereof other than a single-family residence, with the appurtenances thereto, designed for occupancy by the owner thereof. The construction on any lot, lots, or parts thereof, of an apartment house, duplex apartment, garage apartment, or any other multiple-family structure is especially prohibited."
Restriction No. 15:
"No residence or building shall be built on any of the Lots hereinabove described closer than 10 feet from the sides of the adjoining property lines."
Plaintiffs contend that paragraph 9 prohibits the building of more than one house on any lot in the subdivision. Defendants contend that paragraph 9 contains no such prohibition, that it simply limits the type of structure which can be built in the subdivision and that by its own language contemplates building on a "portion" of a lot.
Building restrictions have been likened to non-apparent servitudes. Ouachita Home Site & Realty Co., Inc. v. Collie, 189 La. 521, 179 So. 841 (1938). LSA-Civil Code Article 753 provides:
"Servitudes which tend to affect the free use of property, in case of doubt as to their extent or the manner of using them, are always interpreted in favor of the owner of the property to be affected."
The principal embodied in Article 753 has consistently been applied in cases involving building restrictions:
"It is too well settled to require citation in support thereof that stipulations contained in restrictive covenants are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property." Chexnayder v. Rogers, 95 So.2d 381 (La.App. Orl.Cir. 1957). See also, Salerno v. De Lucca, 211 La. 659, 30 So.2d 678 (1947); Fatjo v. Mayer, 162 So.2d 356 (La.App. 3d Cir. 1964); Failla v. Meaux, 237 So.2d 688 (La.App. 3d Cir. 1970).
"Restrictive covenants are to be construed most strictly against the grantor and persons seeking to enforce them, and liberally in favor of the grantee, all doubts being resolved in favor of a free use of property and against restrictions." Munson v. Berdon, 51 So.2d 157 (La. App. 1st Cir. 1951); Wax v. Woods, 209 So.2d 329 (La.App. 4th Cir. 1968); writ ref. Tully v. Woods, 252 La. 467, 211 So.2d 330 (1968).
". . . should there be any doubt as to whether the land is encumbered by restrictions, such doubt should be resolved against the encumbrances or restrictions." Begnaud v. Hill, 109 So.2d 562 (La.App. 1st Cir. 1959).
Paragraph 9 regulates the type of structure which may be constructed in the subdivision. It prohibits the building of any type of structure other than a singlefamily residence. Its basic purpose is to prohibit the building of any kind of multifamily structure as specifically enumerated in the second sentence of the paragraph. It does not contain a prohibition against building more than one house on any lot and to the contrary, by use of the words "or portion thereof" and "or parts thereof" contemplates construction on parts or portions of a lot. The word "single" is joined with the word "family", clearly indicating that it is used to describe the type of residence rather than the number of residences. While the indefinite article "a" may sometimes mean one, here the word is used only for the purpose of euphony in the grammatical construction of the sentence and not as a word of numerical limitation. See Deutsch v. Mortgage Securities *401 Co., 96 W.Va. 676, 123 S.E. 793 (1924) in which the court reached the same result in interpreting a very similar restrictive covenant.
Subdivision restrictions often contain a prohibition against the building of more than one house on one lot or contain provisions that a house must be located on a lot of a certain minimum square footage or minimum front footage. No such provisions are contained in the restrictions involved in this case, either expressly or impliedly. Other provisions of the restrictions regulate front, side and rear setbacks and the minimum square footage of any residence constructed in the subdivision. These are only geographical limitations and so long as they are complied with there is no prohibition against building more than one house on one lot.
We conclude that the restrictions do not prohibit the construction of more than one house on each lot and, therefore, the restrictions were not violated by the construction of the two houses involved in this case.
Paragraph 15 of the restrictions provides that no residence shall be built on any of the lots closer than ten feet from the sides of the adjoining property lines. The evidence discloses that the foundation and side wall of the house on the westerly half of Lot 6 is located 10.8 feet at the front and 10.5 feet at the back from the property line of the adjoining property. The roof of the house extends out beyond the side wall two feet. Thus, the roof overhang encroaches across the ten foot side setback line a distance of 1.2 feet at the front and 1.5 feet at the back of the house. Plaintiffs contend the roof is part of the residence and, therefore, the location of the roof overhang closer than ten feet to the property line violates the setback restriction. Defendant contends the location of the residence should be measured from its structural base and side in accordance with usual surveying procedure for the purpose of determining whether the setback requirement has been violated. Y. A. Roberts, a registered civil engineer testifying for defendants, testified that surveyors normally show the distance from the base or foundation of the building to the property line and do not show the roof overhang.
We do not directly pass on the question of whether there has been a violation of the setback restriction in this case. Even if the roof overhang does constitute a violation of the restriction, the violation is so minor, technical and insignificant as to not justify the injunctive relief prayed for. The principle involved here can be analogized to that involved in Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1960), in which the supreme court in considering whether subdivision restrictions had been waived by repeated minor setback violations, quoted with approval the following language found in the opinion of the court of appeal:
"`. . . Such technical violations can in no wise, we think, add to or take from the objects and purposes of the general scheme of development and will, therefore, be disregarded as immaterial to the issue. . . .'"
Having concluded that the restrictions have not been violated in any material respect, it is unnecessary to consider the issue of whether plaintiffs must show irreparable injury or damage in order to obtain injunctive relief.
For the reasons assigned, the judgment of the district court rejecting plaintiffs' demands is affirmed at plaintiffs'-appellants' costs.
Affirmed.