LANDRY, Judge.
Plaintiff, Melrose Civic Association (Melrose) appeals the judgment of the trial court amending and modifying a previously issued preliminary injunction which prohibited defendant, Universal Builders, Inc. (Universal), from re-subdividing lot 278, Melrose Place Subdivision, Baton Rouge, Louisiana, and which also enjoined defendant from building within 10 feet of the sidelines of said re-subdivided building sites. The initial injunction was predicated upon violation of recorded subdivision restrictions which allegedly prohibited the action in question. The modification complained of on this appeal permitted re-subdivision of subject lot, but maintained the injunction against building within 10 feet of the side property line of two building sites created by the re-subdivision. We affirm.
*906 The matter is before us for the second time. In February, 1973, Melrose sought to enjoin Universal from continuing the construction of two residences being built in Melrose Place on lots 278-A and 278-B, each of which measured 77.5 feet front on Parlange Drive by a depth of 200 feet. Said lots were created upon re-subdivision by a prior owner of lot 278, Melrose Place, which measured 155 feet front on Parlange Drive by a depth of 200 feet. In said prior action, Melrose complained of and sought an injunction to prevent construction of the buildings on the ground that the activity violated restrictions 2 and 6 of certain duly recorded building restrictions governing Melrose Place, which provide as follows:
“2. Only one house or residence shall be built on any lot or building site, and no apartment house shall be built thereon, and none of said property shall be used for ány commercial purpose whatsoever.
6. No structure shall be built closer than ten (10) feet to the side line of any lot or building site * * * ”
It is conceded that subject structures were nearer than ten feet from the original .side line common to the re-subdivided lots on which the buildings stand. In the previous action, the trial court found that the restriction against building in proximity to lot side lines had not, as contended by Universal, been abandoned due to the countenancing of numerous violations thereof. On appeal, this determination was affirmed. See Melrose Civic Ass’n v. Universal Builders, Inc., La.App., 289 So.2d 521.
Subsequent to rendition of the decision rendered herein and reported in 289 So.2d 521, Universal re-subdivided lots 278-A an 278-B into lots 278A-1 and 278B-1, measuring 80 and 75 feet front, respectively, on Parlange Drive by depths of 200 feet. After creating lots 278A-l and 278B-1, Universal instituted proceedings on April 17, 1974, seeking modification of the injunction to permit completion of the residence under construction on lot 278B-1. On trial of the matter, it developed that the most recent re-subdivision resulted in the structure located on lot 278A-1 being located 10 feet from the side property line. Judgment was entered lifting the injunction insofar as it pertained to the structure on lot 278A-1. Melrose has not appealed therefrom.
On May 30, 1974, Universal filed proceedings to modify the injunction pertaining to lot 278B-1 to allow removal of those portions of the partly completed structure thereon, which were nearer than 10 feet from the relocated side line of said lot and to further allow completion of the residence. The rule prayed for by Universal was made absolute and from this decision, Melrose has appealed.
■ Melrose does not complain of the order allowing removal of those portions of the residence on lot 278B-1 which are within 10 feet of the side property line. Melrose complains that the most recent re-subdivision, hereinabove set forth, constitutes a violation of restriction 2, which prohibits construction of more than one residence on a single lot. In essence, Melrose contends that restriction 2, above, prohibits re-subdivision of lots and that every lot, as designated on originally filed subdivision maps, is a single building site which cannot be re-subdivided.
We agree with Appellant’s contention that building restrictions, duly recorded, constitute covenants running with the land and, as such, are valid, enforceable obligations inuring to the benefit of all grantees. Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641; Ouachita Home Site & Realty Co. v. Collie, 189 La. 521, 179 So. 841.
It is well settled, however, that restrictive covenants are strictly construed against the grantor and liberally in favor of the grantee, all doubt being resolved in *907 favor of the free and unrestricted use of property and against restrictive use. LSA-C.C. art. 753; Fuller v. Hill Properties, Inc., La.App., 259 So.2d 398.
In contending that the re-subdivision complained of violates building restrictions imposed on the subdivision in question, Melrose points to restriction 8 which recites :
“8. Lots numbered from three hundred ninety-seven (397) to four hundred ninety-seven (497), both inclusive, shall be sold in multiples to comprise building sites having not less than ninety (90) feet frontage and shall not thereafter be subdivided into smaller building sites.”
In substance, Melrose argues that the above prohibition was intended to prevent re-subdivision of any lot or building site into a building site having less than 90 feet of frontage.
We find this argument without substance. The prohibition against lots having less than 90 feet frontage is expressly confined to the numbered lots therein expressly mentioned. We note that most of these lots have a frontage of 25 feet. We find nothing in restriction 8, above, indicative of intent to apply its provisions to any lots in the subdivision other than those specifically enumerated in said restriction. The effect of the restriction must be strictly construed; it cannot be extended or enlarged by implication or inference. The building restrictions in question do not prohibit re-subdivision of the lots in question. It follows that said re-subdivision is permissible.
Melrose cites and relies upon Hill v. Ross, 166 La. 581, 117 So. 725, which we find clearly inapposite because it is factually distinguishable. In Hill, above, the court considered a building restriction which proscribed structures on lots having less than 60 feet frontage. The lot involved in Hill, above, had a frontage of only 34 feet and the court therein properly enjoined construction of a building thereon. In addition, the court, in Hill, above, held that valid building restrictions regarding lot sizes could not be defeated by the simple expedient of transferring property and re-subdividing after transfer.
The judgment of the trial court is affirmed at Appellant’s cost.
Affirmed.