BEER, Judge.
Appellant, Tschirn, owns lots 11, 12 and 13 in Rivage Subdivision. His home is on lot 13 (at the corner of Rivage Court and Richland Avenue) and faces Richland Avenue. A pool, patio and tennis court have been built on lot 12 and part of lot 13, and a substantial portion of that area is enclosed by 10-foot-high chain link fencing of a unique design.
Appellees are homeowners in the Rivage Subdivision who have obtained injunctive relief in the district court from Tschirn’s alleged violation of duly recorded Rivage Subdivision building restrictions.
The district court concluded, inter alia, that Tschirn’s “portable” fence violated certain subdivision restrictions and required its *43 removal. Tschirn suspensively appeals, contending error in the trial judge’s conclusion that the structure in question is a “fence” rather than a “gate.” He also argues that a concrete slab, poured in an area which includes parts of lots 12 and 13, converted those lots into one piece of property insofar as subdivision restrictions may be concerned. In support of this singular contention, he relies upon the written reasons for judgment by the First Parish Court for the Parish of Jefferson in criminal proceedings entitled “State of Louisiana v. Darryl Tschirn.” Since those proceedings resulted in a verdict that Tschirn was not guilty of having violated Section 7-C-l of Jefferson Parish Ordinance 3813,[1] he contends that the minimum set-back restriction which applies to front yard fences can not be applicable here. Specifically, he avers that the judgment of the First Parish Court established a binding conclusion that lot 12 is, by reason of that verdict, now the rear yard of the parcel of ground which fronts on Rich-land Street.
The record shows that the structure in question is made up of ten-foot-high chain link sections which can, in fact, be moved about. The chain link sections can be clamped onto pipes which allow the sections to pivot. Clear photographs of the structure taken from various views were admitted into evidence and are available for a reviewing court. We have examined them in conjunction with our consideration of the testimony of the witnesses and find no error in the trial judge’s factual conclusion that the structure is, for all pertinent circumstances, a fence.
Likewise, we find no error in the trial court’s conclusion that lot 12 fronts on Rivage Court and has not been “fused” or “welded” (as appellant contends) to lot 13 so as to change its status with respect to situations covered by the subdivision restrictions.
The uneontroverted subdivision restriction provides that:
“No fence will be allowed to be erected, placed or altered on any lot nearer than the minimum front building setback line. Ornamental side and rear fences up to the building setback line are permitted but shall not exceed six feet above mean lot elevation or site grade. The above requirements apply to wing walls or similar ornamental wall construction. No featheredge or plain board fence may be erected.”
John J. Avery, Jr., a civil engineer, was qualified as an expert witness and testified that the fence encroaches on the minimum front set-back line of lot 12 by thirteen one hundredths of a foot and, further, that the height of the chain link fence ranges at various points, from 9 feet 11 inches to 10 feet 9 inches.
Although the minimum set-back requirements, as they are properly applied to the fence located across the front of lot 12, have been violated, that violation is minimal indeed and would not, standing alone, support a remedy as harsh as that imposed by the judgment with which we are here concerned. At no point does the fence deviate from the twenty-foot set-back requirement by more than an inch or two, and, under the circumstances, we consider this to be an insignificant, minor violation. See: Fuller v. Hill Properties, Inc. et al., 259 So.2d 398 (La.App.2nd Cir., 1972).
However, the violation with respect to the height is quite another matter. Though the restrictions are concerned specifically with maximum height requirements of side and rear fences, it is manifest that front fences are not to exceed the maximum height restriction of side and rear fences. There is great difference in the overall aesthetic impact of a 10-foot fence as compared to a 6-foot fence, and the residents of the subdivision are clearly entitled to protection from the visual impact that such differential provokes. We believe that the 10-foot height of the fence *44 constitutes a significant and substantial violation of the implicit restriction hereinabove discussed.
Accordingly, we are of the view that insofar as the violation of the implicit height restriction is concerned, the record supports the trial court’s judgment, which is, therefore, affirmed, at appellant’s cost.

AFFIRMED.

. This ordinance requires uniform front lot fencing. The court held that the fence along Rivage Court was a side fence because lots 12 and 13 had been “fused” together by the concrete slab and because the house faced Rich-land Avenue.