370 So.2d 162 (1979)
Larry CHAPMAN, Jessie D. White, Wilda Chapman and Mildred Easley, Plaintiffs-Appellees,
v.
J. D. FISHER, Defendant-Appellant.
No. 6926.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
Fredric G. Hayes, Lafayette, for defendant-appellant.
Lawrence O. Guillory, Lafayette, for plaintiffs-appellees.
*163 Before CULPEPPER, CUTRER, and STOKER, JJ.
STOKER, Judge.
This is a suit for a preliminary injunction. The plaintiffs, residents of the Perez Heights Subdivision of Scott, Louisiana, seek to enjoin the defendant, J. D. Fisher, from conducting commercial activities on his property in violation of certain residential restrictions.[1] The question presented on appeal is whether the trial judge properly issued the preliminary injunction. After the appeal was lodged with this court the plaintiffs filed a Motion to Dismiss the appeal of the defendant-appellant on the grounds that the defendant failed to post an appeal bond under LSA-C.C.P. Art. 3612. The plaintiffs' Motion to Dismiss was referred to the hearing on the merits of the case.
On May 21, 1962, an Act of Dedication was formally passed, creating the Perez Heights Subdivision in Scott, Louisiana, and making certain residential restrictions applicable to the property contained within that subdivision. Among these restrictions was Covenant C-1, which provides in part that: "No lot shall be used except for residential purposes." (Tr. 15) Attached and recorded along with the dedication was a plat of a survey showing those lots contained within the subdivision. This survey includes lot number 69, currently owned by the defendant.
The evidence taken in this case reveals that J. D. Fisher acquired lot number 69 in February of 1974. Shortly after his purchase, defendant had erected a small tin building on his property. Defendant thereafter began to use this building as a welding shop, but ceased this activity after receiving complaints from other landowners in the subdivision. However, in March of 1978, welding activities of a commercial nature recommenced on defendant's property and led to the instigation of this suit on behalf of the appellees to enjoin this activity.
The trial court found that the defendant's property was subject to the residential restrictions and that the defendant was in direct violation of these restrictions in conducting commercial operations on the premises which constituted a nuisance to the defendant's neighbors. Accordingly, the trial judge granted plaintiffs' request for a preliminary injunction prohibiting the defendant from using his property for any commercial purposes, contingent upon the filing of a $1,000.00 bond by the plaintiffs. Bond was posted and the order was signed on August 4, 1978. The trial court rejected plaintiffs' demands with reference to maintenance of a tin building on defendant's premises. The reason for the rejection was that the tin building had existed without protest beyond the two year prescriptive period applicable.
Defendant subsequently petitioned for a devolutive appeal from the August 14th judgment and the order granting defendant the appeal was signed August 11, 1978. There was no bond filed with this appeal, nor did the order of appeal make the granting of the appeal contingent upon the posting of any bond. Plaintiffs-appellees subsequently moved to dismiss this appeal due to defendant's failure to post the appeal bond. An opposition on behalf of the defendant was filed. The appeal is limited to the issue of prohibition of carrying on commercial activities. The issue as to the maintenance of the building is not before this court.

ON THE MOTION TO DISMISS
Plaintiffs-appellees assert in their motion to dismiss that this court lacks jurisdiction over this appeal due to defendant's failure to post bond in accordance with LSA-C.C.P. Art. 3612. Paragraph (3) of this article provides:
"An appeal from an order or judgment relating to a preliminary injunction must *164 be taken and a bond furnished within fifteen days from the date of the order of judgment . . ." (Emphasis added)
Appellees contend that since no bond has been filed in this proceeding, the appeal must be dismissed. This court is of the opinion that since a devolutive appeal no longer requires a bond, the language of Article 3612 should not be construed to defeat such an appeal.
LSA-C.C.P. Art. 2124, as amended by Act 1977, No. 176, provides in part that: "No security is required for a devolutive appeal." This provision applies to those appeals in which the order of appeal was granted on or after January 1, 1978. Tadlock v. W. H. Hodges & Company, Inc., 357 So.2d 1268 (La.App.3rd Cir. 1978). As the order for appeal in this case was signed on August 11, 1978, the new provision of Article 2124 is clearly applicable.
However, at the time Article 3612 was enacted, a bond for a devolutive appeal was required.[2] It is for this reason that Article 3612 required a bond to be filed. At that time, in order to perfect a devolutive, as well as a suspensive appeal, it was necessary that a bond be furnished. Despite the language of the Article 3612, the jurisprudence interpreting this article indicates that the intention of the legislature in drafting this provision was not to require a bond to be furnished in appeals of this type, but rather to ensure that an appeal brought under Article 3612 was perfected within the 15 day time limitation. This court has repeatedly emphasized that an appeal brought under Article 3612 must be perfected within the given time limitation, and has dismissed an appeal for the failure to post bond only because such failure was indicative of the fact that the appeal had not been properly perfected. State v. Robouche, 332 So.2d 600 (La.App.3rd Cir. 1976); Collins v. Sweazie, 360 So.2d 920 (La.App.3rd Cir. 1978).
Now, under Article 2124 as amended, a devolutive appeal is effective without the necessity of filing a bond. Consequently, as long as the devolutive appeal is granted within the fifteen day time period provided in Article 3612, then the appeal is good. A bond is no longer required for a devolutive appeal from an order or judgment relating to a preliminary injunction. Dispensing with an appeal bond in such cases does not, of course, do away with the injunction bond required by Article 3610 of the Louisiana Code of Civil Procedure.
In this case, the preliminary injunction was issued on August 4, 1978; the devolutive appeal was granted on August 11, 1978. Since this was within fifteen days of the order granting the preliminary injunction, the appeal was timely effected within the contemplation of LSA-C.C.P. Article 3612, and this court has jurisdiction of this matter.

IRREPARABLE INJURY AND PRESCRIPTION
Defendant contests the issuance of the preliminary injunction by the trial court on the grounds that (1) the plaintiffs have failed to establish the occurrence of any irreparable injury on which basis they would be entitled to injunctive relief and (2) the two-year prescriptive period provided by LSA-R.S. 9:5622 applies, thus barring plaintiffs' request for an injunction. After a careful consideration of the law and the evidence in this case, it appears that both of these claims by the defendant are without merit.
1. Irreparable Injury Showing Not Necessary.
The jurisprudence of this state has consistently applied the well-settled principle of law that a valid building restriction is enforceable by an injunction. Camelot Citizens Association v. Stevens, 329 So.2d 847 (La.App.1st Cir. 1976); Allen v. Forbess, 345 So.2d 950 (La.App.2nd Cir. 1977). Generally stated, the rule has been that violators *165 of residential restrictions may be forced by injunction to cease activities in contravention of the restrictions or to remove objectionable structures from their premises. Gerde v. Simonson Investments, Inc., 251 La. 893, 207 So.2d 360 (1968); Salerno v. De Lucca, 211 La. 659, 30 So.2d 678 (1947). Clearly then, under the prevailing jurisprudence, an injunction is the legally proper and available remedy in order to prevent the further violation of a building or residential restriction.
However, defendant asserts that irrespective of the propriety of injunctive relief, nevertheless, the party requesting such an injunction must show evidence of some irreparable injury occasioned by the activity of the offending party. Defendant apparently relies upon LSA-C.C.P. Art. 3601, which provides in part that:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. . ." (Emphasis added)
This provision authorizes an injunction in two separate instances: First, where the applicant suffers some irreparable injury, and second, in any other case where an injunction is specifically provided as the appropriate remedy. From a clear reading of this article's language, an applicant does not need to establish irreparable injury if the law specifically affords him the remedy of an injunction.
Under LSA-C.C. Art. 779, which became effective on January 1, 1978:
"Building restrictions may be enforced by mandatory and prohibitory injunctions without regard to the limitations of Article 3601 of the Code of Civil Procedure."
This article provides an applicant with injunctive relief as a specific remedy where a third party is in violation of existing building restrictions. Under the terms of this provision, the limitations of LSA-C.C.P. Art. 3601 do not apply and thus, it is unnecessary for an applicant to show irreparable injury when seeking injunctive relief from a violation of enforceable restrictions.
In this case, plaintiffs seek the issuance of an injunction to force the defendant from engaging in further commercial activities in violation of the existing residential restrictions for the Perez Heights Subdivision. The evidence reveals that these restrictions are valid and attach to defendant's property. Under the clear provisions of LSA-C.C. Art. 779, the plaintiffs are entitled to injunctive relief and need not show irreparable injury in their application to the court.
2. Prescription Of Right To Injunctive Relief.
Defendant further contends that the two-year prescriptive period provided by LSA-R.S. 9:5622 should apply and that plaintiffs' request for injunctive relief should be barred by their failure to file within two years of the commencement of defendant's activity.
LSA-R.S. 9:5622 was repealed by Acts 1977, No. 170, § 8, and replaced by LSA-C.C. Art. 781, effective January 1, 1978. Article 781 provides:
"No action for injunction or for damages on account of the violation of a building restriction may be brought after two years from the commencement of a noticeable violation . . ."
Under the terms of this provision, an action seeking the injunctive relief afforded by LSA-C.C. Art. 779 must be brought within two years from the time in which a violation of a restriction first becomes noticeable, otherwise the action has prescribed.
Plaintiffs in this action sought injunctive relief in the form of (1) an injunction to force the defendant from conducting commercial activities on his property and (2) to remove the tin structure he had placed on his property in violation of the building restrictions. Plaintiff also sought damages allegedly resulting from the violation. The court, recognizing the applicability of LSA-C.C. Art. 781, denied plaintiff's request for removal of the offending building as that structure had been erected in 1974, and this suit was not filed until June of 1978, more *166 than four years after plaintiffs first had knowledge of the violation.[3]
However, the trial court properly found that the conduct of commercial activities had not commenced until March of 1978, only three months prior to the commencement of this action. Therefore, the liberative prescription of Article 781 did not apply to the violation of the subdivision restrictions relating to use for commercial activities. Accordingly, the action for injunctive relief in this respect was timely filed.
For the foregoing reasons the motion to dismiss the appeal filed in this court by plaintiffs-appellees is denied. The judgment of the trial court granting plaintiffs-appellees injunctive relief is affirmed.
AFFIRMED.
NOTES
[1] Although the petition alleges that the commercial activities are being conducted by lessees of J. D. Fisher in a structure (tin garage type building), these lessees were not made parties to the suit. The answer to the petition admits the lease and that the lessees began conducting commercial activities in the structure.
[2] Prior to amendment, Article 2124 read:

"The security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs . . ."
[3] As noted above, the issue involving the tin structure was decided in defendant's favor and he limited his appeal to the prohibition against conducting commercial activities on his property.