| iFITZSIMMONS, Judge,
dissenting with reasons.
I respectfully disagree with my colleagues’ legal conclusion that a devolutive appeal from an injunction requires the filing of an appeal bond. The 1977 amendment to La. C.C.P. art. 2124 eliminated the necessity of a bond to cover costs for a devolutive appeal. This amendment, which was enacted more recently than the dictates of La.C .C.P. art. 3612 on which the majority relies, effectively removed the requirement of posting a bond in order to pursue a devolutive appeal under La. C.C.P. art. 3612.
In reviewing this issue, the third circuit cogently observed in Chapman v. Fisher, 370 So.2d 162, 164 (La.App. 3rd Cir.1979):
“[A]t the time Article 3612 was enacted, a bond for a devolutive appeal was required [by Article 2124], It is for this reason that Article 3612 required a bond to be filed. At that time, in order to perfect a devolu-tive, as well as a suspensive appeal, it was necessary that a bond be furnished. Despite the language of the (sic) Article 3612, the jurisprudence interpreting this article indicates that the intention of the legislature in drafting this provision was not to require a bond to be furnished in appeals of this type, but rather to ensure that an appeal brought under Article 3612 was perfected within the 15 day time limitation.
if* % >}:
Now, under Article 2124 as amended, a devolutive appeal is effective without the necessity of filing a bond. ... The bond is no longer required for a devolutive appeal *496 from an order or judgment relating to a preliminary injunction.
Chapman v. Fisher, 370 So.2d at 164. (footnote omitted).
jjl subscribe to the foregoing reasoning, which is also espoused by the fourth circuit. See Jones v. Cusimano, 511 So.2d 486 (La.App. 4th Cir.1987). Thus, the instant appeal is properly before this court for its consideration of the merits of the preliminary injunction granted by the lower court.
Moreover, with regard to the action taken by this court dismissing the appeal, it should be noted that the original petition in this matter seeks to have a right of passage judicially established in the public records. Defendant/appellee filed a reconventional demand, third party demand and petition for rule nisi seeking a preliminary injunction to prevent tortuous trespass and intrusion, pending the outcome of the proceedings, as well as a permanent injunction. The judgment on appeal adjudicates the defendant’s request for a permanent injunction against the petitioner and other parties. There was no evidence presented at the trial level regarding the merits of the petitioner’s request for a servitude of passage.
Pursuant to the requisites of due process, the matter should be remanded to the trial court to give the plaintiff an opportunity to assert his claim for a servitude of passage.