272 So.2d 444 (1973)
A. G. ROBINSON et al., Plaintiffs-Appellees,
v.
Houston P. MORRIS et al., Defendants-Appellants.
No. 12002.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
*445 Charles H. Ryan, Monroe, for defendants-appellants, Houston P. Morris and others.
Holloway, Baker, Culpepper, Brunson & Cooper, by D. G. Brunson, Jonesboro, for plaintiffs-appellees, A. G. Robinson and others.
Before BOLIN, PRICE and HEARD, JJ.
HEARD, Judge.
This is an appeal from a judgment granting plaintiffs' demands for injunctive relief against alleged violations of subdivision restrictions. Plaintiffs are owners of real estate lots in South Highland Subdivision, *446 Jackson Parish, Louisiana. Made defendants are Houston P. Morris, owner of some 40 lots in this subdivision, James D. Aycock, Morris' agent, and Standard Properties, Inc., Morris' vendor.
Morris had begun constructing a multifamily apartment complex on four of his lots when suit was filed. Plaintiffs contend that the subdivision restrictions prohibit the building of anything other than one detached single-family dwelling not exceeding one story in height per lot, which dwelling must be of a certain minimum square footage and cost, and must be located on the lot according to certain specifications. Plaintiffs further contend that defendants violated these restrictions by beginning construction of the complex. The relief prayed for is a preliminary injunction prohibiting Morris from continuing with the construction.
Defendants admitted the construction violated the restrictions as originally written and recorded, but that, by notarial acts of record allegedly amending and then terminating the restrictions, they are no longer applicable and in force.
The district court sustained exceptions of no cause or right of action on behalf of Aycock and Standard Properties, Inc. Upon findings that the acts of amendment and termination were invalid and the restrictions had been violated, the court issued a preliminary injunction prohibiting Morris from continuing the construction of the complex and ordered plaintiffs to post a $1,500 bond. Morris appealed. We affirm that judgment.
Morris specifies as error the following: (1) in holding and deciding the actions to amend and terminate the original restrictions were ineffective and therefore Morris' construction of an apartment complex violated them; (2) in granting a preliminary injunction against defendant without any evidence of irreparable injury and damage to plaintiffs as a result of defendants' action; (3) in setting the bond for issuance of the preliminary injunction at only $1,500.
There are no factual issues in dispute. In November, 1956, Associated Home Builders, Inc., then owner of all land in South Highland Subdivision, imposed and recorded certain protective covenants and building restrictions on that subdivision. Plaintiffs purchased their lots subject to these restrictions at later dates. In November, 1971, Standard Properties sold some 40 lots in the subdivision to Morris, making him owner of a majority of the total front footage of the lots. In this capacity and allegedly pursuant to the terms of the restrictions, on July 13, 1972, Morris recorded an act amending the restrictions so as to make them inapplicable to the lots he owned. Construction was then begun. On July 28, 1972, the District Court issued a temporary restraining order pursuant to plaintiffs' petition to stop the construction. On July 29, defendant recorded an act, dated July 26, 1972, purporting to terminate the restrictions. The court heard and decided the issue of the preliminary injunction on July 31.
The issues before this court are the validity of the purported acts of amendment and termination and the interpretation of the amendatory clause of the restrictions. This latter provision states:

"PART D GENERAL PROVISIONS D-1.
"TERM. These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of thirty-five years from the date these covenants are recorded, after which time said covenants shall be automatically extended for successive periods of 10 years unless an instrument signed by a majority of the then owners of the front footage of all lots in said Subdivision has been recorded, agreeing to change said covenants in whole or in part."
Plaintiffs contend that no one can amend or terminate the restrictions until the primary term of thirty-five years has elapsed.
*447 Morris takes the position that the quoted clause allows him to amend the restrictions at any time by virtue of his being the owner of a majority of the front footage of the lots in the subdivision. He further contends that even if his action to amend was ineffective, the restrictions were terminated by his later acts as authorized by LSA-R.S. 9:5622.
Louisiana courts have long upheld the validity of building restrictions as a species of predial servitudes. [See Bruce v. Simonson Investments, Inc., 251 La. 893, 207 So.2d 360 (1968) and cases cited therein].
In the instant case we find the terminology of Part D-1 of the restrictions clear and unambiguous. A majority of the then owners of the front footage of all lots in the subdivision may not amend or terminate the restrictions until the primary term of thirty-five years has elapsed. Failla v. Meaux, 237 So.2d 688 (La.App. 3d Cir. 1970), cited by defendants, is not authority for the proposition that a majority may amend at any time during the term of the restrictions. In that case the covenant was binding until January 1, 1966 and would be automatically extended for successive 10 year periods if no action was taken. Any changes could only be made at the expiration of each period. The requisite number of owners amended the restrictions by an instrument dated and recorded December 30, 1965. The court held the amendment valid as the terms of the restrictions had been carefully and literally complied with and the amendment effective to change the restrictions as of January 1, 1966. Had they waited until the 1st to amend, the effective date would not have been until the end of the first 10 year extension. The covenant there was not amended prior to the expiration of the initial term but was amended at the end of the initial term to become effective upon its expiration. In the instant case the amendments were dated and recorded to be effective immediately while there were some 19 years left in the initial term, thus not at all complying with the specific language of the covenant.
Defendants contend that even if the amendment was ineffective, the restrictions were terminated by his second act under the provisions of LSA-R.S. 9:5622 which states, in part:
"B. Stipulations in deeds and title to land providing for building restrictions which are inserted in pursuance of a general subdivision plan devised by a common ancestor in title to establish certain use and building standards, constituting covenants running with the land, and wherein no provision is made for terminating the effective date of said restrictions, may be terminated in the following manner:
(1) By agreement of owners of a majority of the square footage of land in said subdivision to terminate and end said restrictive covenants as of a definite date, provided said agreement will not be effective unless said restrictive covenants will have been established a minimum of 15 years prior to the date of termination of said restrictive covenants; and,
(2) Any agreement purporting to comply with this statute shall be recorded in the conveyance and mortgage records of the parish in which the land is located."
The trial court properly ruled that the statute was inapplicable because provision is made in the covenants for terminating the effective date of the restriction. A termination date is not necessary.
Defendants' second specification of error that a showing of irreparable harm is necessary is also without merit. The jurisprudence is well settled that building restrictions creating a general plan or scheme of development by written recorded instruments, constitute real rights running with *448 the land and inure to the benefit of all subsequent owners, and the remedy to prevent violation thereof is by injunction. Plaintiffs therefore have a right and interest sufficient to institute these proceedings. Community Builders, Inc. v. Scarborough, 149 So.2d 141 (La.App. 3d Cir. 1962); Oak Ridge Builders, Inc. v. Bryant, 252 So.2d 169 (La.App. 3d Cir. 1971) writ refused; Munson v. Berdon, 51 So.2d 157 (La.App. 1st Cir. 1951); Ouachita Home Site & Realty Company v. Collie, 189 La. 521, 179 So. 841 (1938).
The objection of defendants as to the insufficiency of the bond is likewise without merit. Under LSA-C.C.P. Art. 3610 the issuance of a preliminary injunction is conditioned upon the furnishing of security ". . . in the amount fixed by the court...." The amount of the bond, therefore, addresses itself to the discretion of the court, and the record before us does not justify a finding of an abuse of discretion. Glidden v. Loe, 192 So.2d 633 (La.App. 2d Cir. 1966).
The judgment appealed from is therefore affirmed at appellants' cost.