281 So.2d 790 (1973)
Don W. FITZWATER et al., Plaintiffs-Appellees,
v.
Richard E. WALKER et al., Defendants-Appellants.
No. 4261.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
*791 Kramer & Kennedy by Bernard Kramer, Alexandria, for defendants-appellants.
Holt, Wagner & Lee by Charles F. Wagner, Pineville, for defendant-exceptor.
Gold, Hall, Hammill & Little by James D. Davis, Alexandria, for plaintiffs-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Defendants Ralph A. Satchell and his wife[1] appeal the judgment awarding a preliminary injunction to plaintiffs Don W. Fitzwater and Glynn A. Dryden enjoining violations of building restrictions in the Tall Timbers Subdivision located in Rapides Parish. We affirm.
The Satchells contend that the building restrictions are invalid and that they were extinguished by confusion. The building restrictions were created in a 1964 deed by which Kite V. Caudell conveyed the property which later comprised the Tall Timbers Subdivision to Richard E. Walker. Among other things the property sold, including subdivision thereof into lots, was restricted to use for residential purposes with a specific limitation that only residences which met certain minimum standards could be constructed on the property conveyed to Walker.
Walker subdivided the property and in 1968 sold a lot to Fitzwater who constructed a home which conformed to the building restrictions. In 1969, Walker sold a lot to Dryden who also constructed a home which conformed to the building restrictions. There were six homes located in the subdivision (Tr. 55) at the time of the trial, and the lots had 100' frontage (Tr. 45). In 1971, Walker sold three lots to the Satchells. A home which conformed to the building restrictions was located on one lot and the remaining lots purchased by the Satchells were vacant.
There was no mention of building restrictions in the deeds by which Walker conveyed the lots to plaintiffs and defendants.
The Satchells constructed a high fence around the vacant lots and constructed a barn like structure in which they maintained as many as five horses for a substantial period of time. The trial court properly found that the Satchells violated the building restrictions by building a barn and using the lots to maintain so many horses. This finding is not seriously questioned by appellants.
The thrust of the Satchells' contentions is that building restrictions in Louisiana are a species of predial servitude and as such can only be established in accordance with the LSA-C.C. Articles 646 et seq. In particular, the Satchells rely on LSA-C.C. Art. 647:
A real or predial servitude is a charge laid on an estate for the use and utility *792 of another estate belonging to another owner.
The argument continues that for a predial servitude to exist there must be a dominant and servient estate. LSA-C.C. Art. 648. Defendants therefore contend that it follows that to establish a predial or real servitude, there must first be two different estates, one of which owes the servitude to the other. Thus defendants maintain that because a building restriction is a predial servitude, a dominant estate must be in existence before a valid building restriction can be established. It is contended that this requirement was not met in the deed from Caudell to Walker. Alternatively, defendants contend that the restriction was extinguished by confusion when Walker owned the entire subdivision.
We reject these contentions. While building restrictions have been considered a species of predial servitude, Bruce v. Simonson Investments, Inc., 251 La. 893, 207 So.2d 360 (1968), building restrictions have been also judicially labeled from time to time as real obligations and covenants running with the land. Their unique nature is probably best described by Professor Yiannopoulos at 30 Louisiana Law Review page 63, where he concludes that building restrictions are sui generis real rights and should be governed by the general rules applicable to predial servitudes subject to exceptions established by special legislation or jurisprudence as to the creation, enforcement or termination of the restrictions. See also 21 L.L.R. 468 (1961), and A. N. Yiannopoulos, Civil Law of Property, § 104 (1966).
Stipulations in title deeds providing for building restrictions are valid and enforceable where the restrictions have been inserted pursuant to a general plan devised by the ancestor in title to maintain certain building standards and uniformity in the improvements. Alfortish v. Wagner, 200 La. 198, 7 So.2d 708 at 711 (1942). Holloway v. Ransome, 216 La. 317, 43 So.2d 673 (1949).
Building restrictions constitute real rights and real obligations that run with the land for the benefit of landowners within the area. Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641 (1915); Ouachita Home Site & Realty Co. v. Collie, 189 La. 521, 179 So. 841 (1938); Clark v. Reed, 122 So.2d 344 (La.App. 2 Cir. 1960).
Once the building restriction has been imposed upon the entire tract by a properly recorded act which transfers the property, the restrictions affect future assigns and vendees even if mention of the building restriction is omitted in subsequent deeds. Clark v. Reed, supra; McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1969). LSA-C.C. Arts. 709, 743, 2015.
The fact that no plat was of record when the building restriction was created does not affect the validity of the restrictions. There was no plat attached or referred to in the instrument which created the building restrictions upheld in McGuffy v. Weil, supra.
Finally appellants contend that the injunction requires that the barn be torn down. If the preliminary injunction ordered destruction of the barn we would amend the judgment, because the sole purpose of a preliminary injunction is to maintain the status quo until a trial on the merits can be held. Morehead v. Smith, 225 So.2d 729 (La.App. 2 Cir. 1969); City of New Orleans v. Langenstein, 91 So.2d 114 (La.App.Orls.1956); Harris v. Pierce, 73 So.2d 330 (La.App.Orls.1954). These cases emphasize the limited scope of the preliminary injunction.
The trial court's preliminary injunction restrained defendants from ". . the maintainence of a wooden barn or shed adjacent to but not connected with the residence ... and the housing of horses on land known as the proposed Tall Timbers Subdivision." The injunction cannot be fairly interpreted to order destruction of the barn. LSA-C.C.P. Art. *793 3605 requires that the order granting a preliminary injunction "shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained.
Nowhere in the order is the specific statement that the barn must be destroyed. Rather, the order only prohibits maintenance of the structure as a barn. Therefore, the only acts prohibited by the preliminary injunction are those acts which are normally considered barnyard-related activities, such as the sheltering of livestock and the storage of grain, and other acts of that nature.
Defendants' argument that the preliminary injunction exceeded the permissible scope of the preliminary injunction is rejected.
The trial court judgment is affirmed at the costs of defendants appellants.
Affirmed.
NOTES
[1] There was no appeal from the dismissal of the suit against defendant Richard E. Walker on his exception of no right of action.