286 So.2d 490 (1973)
Mrs. Rose Lee Miles ROCCAFORTE
v.
Arthur C. LEWIS, Jr., Indiv., and as Trustee, et al.
No. 9570.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Granted February 15, 1974.
Doris Gates Rankin, Baton Rouge, for appellant.
Tom F. Phillips, and John Dale Powers, Baton Rouge, for A. C. Lewis, and others.
Before SARTAIN, TUCKER, and WATSON, JJ.
TUCKER, Judge.
Plaintiff Mrs. Rose Lee Miles Roccaforte is the owner of a one-half interest and the usufructuary of the other one-half interest in Lot 265, Melrose Place 2 Subdivision, East Baton Rouge Parish, Louisiana. In this capacity she brought suit against defendant adjoining owners seeking to restrain them from constructing *491 apartment houses on Lots 264 and 266 of the said Subdivision, in alleged violation of certain building restrictions placed upon the property by the original subdivider. By stipulation of counsel the testimony heard at the time of hearing, April 2, 1973, was considered in connection with the request for a permanent injunction as well as with regard to the request for the preliminary injunction. At that time judgment was rendered vacating the order issued March 20, 1973, temporarily enjoining the defendants from proceeding with their construction plans, and dismissing the request for a permanent injunction with prejudice.
Plaintiff has taken a devolutive appeal urging the error of the trial court in permitting the lifting of certain building restrictions relating to the Subdivision in accordance with R.S. 9:5622, as being violative of Civil Code articles 656 and 657, which speak of the indivisibility of servitudes.
The record reveals that prior to the time that the building permits for defendants' apartments in Melrose Subdivision were granted Ordinance 2722 of the City of Baton Rouge had been passed lifting the building restrictions on Lots 252, 253, 254, 255, 263, 264, 266, and 267 of Melrose Place 2 Subdivision, pursuant to a petition signed by 63.369% of the residents of the same Subdivision who owned approximately 70% of the square footage of the Subdivision, all in accord with procedures set forth in R.S. 9:5622, section B(1) for lifting building restrictions. Interestingly plaintiff's own son had signed the petition as a land-owner. Following the aforementioned action the City Council of Baton Rouge had rezoned those lots on which the building restrictions no longer applied from A-1, single family residence, to A-4, multiple family residence. These lots, incidentally, constituted that portion of Melrose Place which borders on North Foster Drive.
We concur in plaintiff-appellant's contention that building restrictions such as those recorded in the instant case, are servitudes. Building restrictions have been termed variously, servitudes, real obligations, or covenants running with the land. See Yiannopoulos, Civil Law of Property, sec. 104 (1966). In a consistent line of jurisprudence, however, the Supreme Court has described building restrictions to be continuous, nonapparent servitudes, as set forth in Civil Code articles 727 and 728, which can be established only by title (C.C. art. 766), as was accomplished in this case by the original subdivider of Melrose Place. See McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1960); Holloway v. Ransome, 216 La. 317, 43 So.2d 673 (1949); Salerno v. De Lucca, 211 La. 659, 30 So.2d 678 (1947); Pizzolato v. Cataldo, 202 La. 675, 12 So.2d 677 (1943); Ouachita Home Site & Realty Co. v. Collie, 189 La. 521, 179 So. 841 (1938); and Hill v. William P. Ross, Inc., 166 La. 581, 117 So. 725 (1928).
Civil Code article 783(5) provides as follows:
"Servitudes are extinguished:
. . . . . .
5. By the renunciation of the servitude on the part of him to whom it is due, or by the express or tacit remission of his right...."
We consider that the petition of the residents of Melrose Subdivision, implemented by the adoption of a city ordinance removing the building restrictions on the above-specified Melrose lots, accomplished a renunciation of the servitude as provided for in C.C. art. 783(5), and in R.S. 9:5622, as amended by Act No. 448, sec. 1 of 1960, which expounds this same principle. This tenet has been upheld as valid in Gerde v. Simonson Investments, Inc., 251 La. 893, 207 So.2d 360 (1968).
Civil Code article 814 provides:
"It is not necessary to produce a discharge of the servitude, that the proprietor of the estate which owes it, should abandon the whole estate; it suffices, if he abandon the part on which the servitude *492 is exercised." See also C.C. arts. 816-818.
Considering the thrust of C.C. arts. 814-818 together with C.C. arts. 656 and 657, we find appellant's argument as to indivisibility unavailing. The jurisprudence is in accord. See Failla v. Meaux, 237 So.2d 688 (La.App.3d Cir. 1970) and Willis v. New Orleans East Unit of Jehovah's Witnesses, Inc., 156 So.2d 310 (La.App.4th Cir. 1963) rehearing denied and certiorari refused, in which cases the lifting of building restrictions as to one or two lots of a subdivision was upheld.
For the above and foregoing reasons the judgment of the trial court dismissing plaintiff's suit for a permanent injunction is correct, and it is affirmed at appellant's costs.
Affirmed.