321 So.2d 377 (1975)
James Lee MOUILLE et al., Plaintiffs-Appellees,
v.
Percy Joseph HENRY, Defendant-Appellant.
No. 5141.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
Rehearing Denied November 13, 1975.
*378 Henry A. Bernard, Jr., New Iberia, for defendant appellant.
Armentor & Wattigny by Gerard B. Wattigny, New Iberia, for plaintiffs appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Defendant Joseph Henry appeals the judgment granting plaintiffs James Lee Mouille, R. F. Dulin, and Sidney Louviere a mandatory injunction requiring Henry to remove his mobile home from property subject to a building restriction. Henry also appeals the dismissal of his third-party claim against his vendor. We affirm.
In March 1974 Henry purchased a lot located in a restricted subdivision. The building restrictions were recorded in 1957 to be effective for a twenty-five year period. The manner in which amendments were to be confected was detailed in the restrictive covenant. Restriction number 7 prohibited living in a "tent, trailer or shack" on the property, and number 2 prevented erection of a residence of less than $9,000 in value. Tr. 35.
Henry purchased a mobile home for $3,000. In June of 1974 he placed it on the lot and moved in. That same month he received notice from plaintiffs (owners of property in the subdivision) protesting his violation of building restrictions and requesting his compliance within ten days. This suit was filed the following month.
Henry contends 1) the restrictions do not apply to mobile homes; 2) the restrictions had been waived; and 3) the restrictions have been amended to permit mobile homes.
Questions relating to creation of building restrictions and their applicability to specific properties are strictly interpreted. In contrast to this, the nature of restrictions is interpreted to give a reasonable scope to the intent of the owner creating them. Salerno v. Delucca, 211 La. 659, 30 So.2d 678 (1947). In Salerno, an injunction enforcing a restriction against erecting a "business establishment" was held to restrict billboards.
Henry argues that mobile or modular home buildings were not contemplated within the 1957 restriction against trailers. The trial court rejected this argument and held this mobile home to be a trailer. Webster's primary definition for "mobile home" is: "a trailer that is used as a permanent dwelling." This mobile home was towed onto Henry's lot and the trailer hitch and wheels remain in place. Henry has failed to establish manifest error in the trial court's holding Henry violated restriction number 7 of the properly recorded building restriction.
The trailer also violated restriction number 2 because it was of less value than the $9000 minimum requirement.
The bulk of the evidence related to defendant's allegation the building restrictions had been waived. Only one other trailer was located on the 75 lot subdivision, and it was on a lot designated commercial as opposed to Henry's lot which was residential. The other alleged violations were seven in numberone instance of exposed piers (which was in the process of extensive renovations at trial), three fence violations on the part of one owner *379 who fenced his three lots under one fence, one instance of a horse which was occasionally seen in the subdivision (but it was established the horse was not maintained on the premises), and two instances of beauty shops being operated within residences in the subdivision's residential district.
To determine whether building restrictions have been waived, there are three areas of consideration. The number of violations, their character, and the adverse reaction of property owners to those violations. The proponent of waiver must establish a preponderance in all three. Fisher v. Smith, 190 So.2d 105 (La.App. 4 Cir. 1966). While the record contains conflicting evidence about the character of violations, Henry did not establish a single instance of another trailer home being located on a residential lot in the subdivision.
Property owners testified they policed for violations of the covenant. Tr. 76, 78, 83, 94. Pictures and testimony indicate no substantial departure from visual characteristics of residential structures and no disruption of residential traffic patterns by an influx of patrons to the two beauty parlors. Henry failed to establish manifest error in the trial court's holding these building restriction violations were insufficient to constitute a waiver of the entire plan of restrictions. Guyton v. Yancy, 240 La. 794, 125 So.2d 365 (1961).
Henry contends the building restrictions were amended by a majority of residential lot owners as permitted by LSA-R.S. 9:5622 (as amended in 1960). Amended building restrictions were approved in Roccaforte v. Lewis, 286 So.2d 490 (La.App. 1 Cir. 1973). LSA-R.S. 9:5622 as amended is effective only where building restrictions do not have a termination date. Where the covenant provides its termination date, the statute does not apply. Robinson v. Morris, 272 So.2d 444 (La.App. 2 Cir. 1973). We distinguish the Roccaforte case because that restrictive covenant did not prescribe its termination date.
At oral argument Henry contended the restrictive covenant was amended as permitted under its terms whereby owners of fifty percent of the lots could amend the restrictions. He obtained signatures of owners of 28 residential lots (and 2 commercial lots) on a document styled "Amendment to Restrictive Covenants." The amendment allowed certain mobile homes in the subdivision and all mobile homes were excluded from the $9,000 minimum value limitation. One or two signatories owned several subdivision lots.
There are 50 residential lots and 25 commercial lots in the subdivision. Henry contends owners of residential lots are the only owners to be counted to determine if fifty percent voted to change the restrictions to allow mobile homes and exempt mobile homes from the $9,000 minimum value of homes to be built in the subdivision. We reject that contention. The $9,000 restriction applies to commercial as well as residential lots. To change the $9,000 restriction, owners of 38 lots must sign the amendments. Henry does not contend he meets that restriction.
Henry finally contends his third party claim against his vendor should be recognized because seller represented trailers were permitted in the subdivision. There is no manifest error in the trial court's finding Henry failed to establish this claim. Absent manifest error, this factual determination is sustained. Coward v. U. S. Fidelity & Guaranty Co., 289 So.2d 506 (La.App. 3 Cir. 1974).
The trial court judgment is affirmed at appellant's costs.
Affirmed.