332 So.2d 889 (1976)
TOWN SOUTH ESTATES HOMES ASSOCIATION, INC., Plaintiff-Appellee,
v.
Gordon Rayford WALKER, Jr., Defendant-Appellant.
No. 12903.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
Hal V. Lyons, Shreveport, for defendant-appellant.
Peters, Ward & Miller by Hugh T. Ward, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
PRICE, Judge.
Town South Estates Homes Association, Inc. brought this suit against Gordon Rayford Walker, Jr., for his failure to pay an annual assessment of $45.00 as required by the protective covenants affecting the subdivision in which defendant had recently purchased a residence. From a judgment in favor of plaintiff for $45.00 plus 7% interest from February 1, 1974, and $250.00 in attorney fees plus costs, defendant has taken this appeal.
The case was tried on a joint stipulation of fact. There is no dispute that there are covenants recorded in the conveyance records of Caddo Parish which provide that the purchaser of a lot in the Town South Estates Second Filing automatically becomes a member of the Town South Estates Homes Association, Inc., a corporation formed to provide maintenance, preservation, and architectural control of the residential lots and common area in the related subdivision. The covenant provides each member shall be subject to an annual assessment and that this assessment, together with interest, costs, and reasonable attorney fees is the personal obligation of the property owner upon the due date of the assessment.
Defendant purchased Lot 86 of the subdivision by deed filed on May 9, 1973, and refused to pay the assessment due January 1, 1974, which is the subject of this action.
The sole reason advanced by defendant in the district court and on this appeal why he is not liable for the assessment is that the instrument which creates the obligation is not recorded in the mortgage records of Caddo Parish and thus is not binding on third party purchasers relying on the public records. Defendant cites Blevins v.
*890 Manufactures Record Publishing Company, 235 La. 708, 105 So.2d 392 (1958), and Pittsburg Plate Glass Company v. Woodcock, 150 So.2d 660 (La.App.3rd Cir. 1963) in support of his argument.
These cases merely acknowledge the public records doctrine established by the case of McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909), and have no factual analogy to the instant matter.
In this particular action only a personal judgment is sought against defendant under the provisions of the restrictive covenants. No lien or privilege against the immovable property purchased by him is sought. Under these circumstances, the recordation in the conveyance records only is sufficient to satisfy the requirement of notice to third parties as set forth in LSA-R.S. 9:2721.
In accord with the foregoing, we affirm the judgment appealed at appellant's costs.