| AMY, J.,
dissenting.
I respectfully dissent from the majority opinion. My approach to the issue involved in this case fundamentally differs from that of the majority. First, I do not *186 view the action taken by the defendants as a termination of the building restrictions, but an amendment to the provisions. Further, even if the action is to be characterized a termination, or partial termination, I find that the building restrictions indicate that they may be “modified, extended, amended, changed or altered” by consent of a majority of the landowners. I conclude that this description is sufficiently broad to encompass the type of partial “termination” at issue here. As set forth below, La.Civ.Code art. 780 makes initial provision for amendment or termination of building restrictions by the terms of the “act that establishes them.” Having stated that I disagree with the majority’s resolution of the issue, I turn to the analysis I find appropriate for this case, a case which arrived at the trial court on cross motions for summary judgment.
The defendants’ primary contention is that the amendments were made pursuant to the requirements of the original building restrictions. The plaintiffs argue that the amendments to the building restrictions were correctly viewed by the trial court as null. They contend that the original building restrictions are real rights, ones that should be viewed as requiring notice and the right to be heard prior to amendment. As notice and an opportunity to be heard were not provided to the [{.plaintiffs prior to the amendment, they contend that the amendment must be found to be null.
Title V of Book II of the Louisiana Civil Code addresses building restrictions. Insofar as is relevant to the present case, the Civil Code provides:
Art. 775. Building restrictions
Building restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements. The plan must be feasible and capable of being preserved.
Art. 776. Establishment
Building restrictions may be established only by juridical act executed by the owner of an immovable or by all the owners of the affected immovables. Once established, building restrictions may be amended or terminated as provided in this Title.
Art. 777. Nature and regulation
Building restrictions are incorporeal immovables and real rights likened to predial servitudes. They are regulated by application of the rules governing predial servitudes to the extent that their application is compatible with the nature of building restrictions.
As can be seen by reference to the above Articles, the plaintiffs correctly contend that the building restrictions are real rights akin to predial servitudes. See also La.Civ.Code art. 777. See also a.n. yianno-POULOS, LOUISIANA CIVIL LAW TREATISES, PREDIAL servitudes § 192 (1997). However, they further contend that notice and a right to be heard should be viewed as a prerequisite to amendment. This type of requirement of notice is absent from the Cyprien Estates building restrictions, which provide, in pertinent part:
14. No used materials shall be used in the construction of the exterior or any building other than used brick, without the written approval of Mrs. Elizabeth Shutts Woodward or her agent.
[[Image here]]
22. Any boathouses are to be for the personal use of the contiguous lot owner, only.
|o23. All boat houses are to be constructed so as to be closed in on three (3) sides, and of material compatible with the dwelling of said lot.
*187 24. Plans for construction of said boathouse will be only with the United Corp of Engineers permit and the developer’s approval.
25. Access to water frontage is proposed for Lots 9 and 10 by means of extending the existing boat canal; same shall be used only by owners of Lots 8, 9 and 10.
26. They shall be cooperative in their use and in no manner whatsoever block said waterway.
27. Prior to construction of any nature, be it dwelling, out-building, fencing, boat houses, wharves or any remodeling which tends to change the exterior appearance of any structure[sic]. Approval of said proposed construction shall be submitted to Mrs. Elizabeth S. Woodward, or her designee, by use of preliminary plans for approval. Said approval or rejection shall be given in a timely manner. Should said approval not be rendered within thirty (30) days, construction may commence.
[[Image here]]
38. The invalidation of any one of the foregoing restrictions or covenants by final judgment of any competent court shall in no way affect the validity of any other restrictions or covenant which shall remain in full force and effect.
These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of 25 years from date these covenants are recorded, after which time said covenants shall be automatically extended for successive periods of 25 years, unless revised as provided in paragraph 20 below [sic]. The breach of any of the foregoing covenants shall not defeat or render invalid any title, hen, mortgage or deed of trust made in good faith for value as to the said land, residence, outbuilding or garage located as hereinabove provided. The breach of any of said covenants or the continuance of any such breach may be enjoined, abandoned or remedied by appropriate proceedings and each of the foregoing covenant shall remain at all times in full force and effect, as against any breach thereof by any such owner, whether such ownership is acquired by purchase, foreclosure, devise, inheritance or any other manner.
Invalidation of any one of these covenants by judgement of court order shall in no way affect any of the other provisions which shall remain in full force and effect.
|4The above restrictive covenants may be modified, extended, amended, changed or altered at any time by and with the written consent of the record owners of a majority in number of lots in this subdivision.
With the majority of the property owners in the subdivision signing the document, the amendment at issue reads as follows:
NOW THEREFORE, appears do hereby amend the restrictive covenants affecting Cyprien Estates, recorded in Conveyance Book 2216 at Page 15, so as to delete therefrom paragraphs 14 and 27 and to amend Paragraph 24 to read as follows:
24. Construction of said boathouse will be with the United States Corps of Engineers permit only.
My review of the building restrictions, the amendment, and applicable legislative and jurisprudential authority reveals no fatal flaw in the amendment. Article 780 of the Louisiana Civil Code provides:
*188 Building restrictions may be amended, whether such amendment lessens or increases a restriction, or may terminate or be terminated, as provided in the act that establishes them. In the absence of such provision, building restrictions may be amended or terminated for the whole or a part of the restricted area by agreement of owners representing more than one-half of the land area affected by the restrictions, excluding streets and street rights-of-way, if the restrictions have been in effect for at least fifteen years, or by agreement of both owners representing two-thirds of the land area affected and two-thirds of the owners of the land affected by the restrictions, excluding streets and street rights-of-way, if the restrictions have been in effect for more than ten years.
Although this provision was enacted by Acts 1999, No. 309, § 1, and became effective June 16, 1999, Section 4 of No. 309 provides that “the provisions of this Act legislatively overrule the case of Brier Lake, Inc. v. Jones, 97-C-2413 (La.4/14/98); 710 So.2d 1054, are remedial, and shall apply both prospectively and retroactively.” Reference to Brier Lake, a case advanced by the plaintiffs, indicates that the Louisiana Supreme Court determined in that case that unanimous consent of a subdivision’s owners was required to make a provision of existing budding restrictions more restrictive. However, the supreme court did not address the type of 1 ^amendment before the court in the instant matter, ie., one that makes the restrictions less onerous.
As seen above, Article 780 provides that amendment may be made in accordance with the method set forth in the act establishing the restrictions. The original building restrictions provide for amendment “by and with a majority in number of lots in this subdivision.” Nothing in the Cyprien Estates building restrictions requires a unanimous vote. Neither do the building restrictions provide any indication that notice is required to be provided to all property owners.
Although La.Civ.Code art. 777 provides that building restrictions are real rights, there is no authority to suggest that notice is required prior to amendment. The plaintiffs advance Bruce v. Simonson Investments, Inc., 251 La. 893, 207 So.2d 360 (1968) as a case in which notice to property owners was found to be a prerequisite to amendment of building restrictions. However, the following, detailed notice requirement is contained in the original building restrictions at issue in Brace:
Any change in the above restrictions and covenants may be made only upon the affirmative vote in writing of the owners of a majority of the lots in Squares 9 through 18, both inclusive, above described, and then only after a written notice of a meeting to consider such changes shall have been given to all of the owners of said lot. This notice shall state the nature of the change, the time, date and place of the meeting.
Bruce, 207 So.2d at 362. No such requirement is contained in the Cyprien Estates building restrictions. Although a requirement of notice could have been included at the time Mrs. Woodward created the subdivision, it was not. No provision for notice and an opportunity to be heard can now be read into the restrictions.
Following de novo review of the record, I conclude that the summary judgment entered in favor of the plaintiffs declaring the amendments to the Cyprien Estates building restrictions null, was in error. As I would reverse the summary judgment | fientered in favor of the plaintiffs and would enter summary judgment in favor of the defendants, I dissent.