CARAWAY, J.,
dissenting.
|,I respectfully dissent and would affirm the trial court’s ruling on prescription.
In the petition, the foundational fact for the homeowners’ association’s claim and cause of action is that in 1987, Southern Trace, a limited partnership, recorded in Caddo Parish the restrictive covenants or building restrictions (hereinafter the “Covenants”) for Southern Trace Subdivision. Those Covenants included a provision requiring lot owners, like the defendant, to pay dues to the plaintiff, STPOA. These are the undisputed facts upon which both parties agree and the trial court’s partial judgment of prescription rests. The majority says those facts are not enough. Over the defendant’s objections in this appeal, the majority remands the case back, presumably to let STPOA try to do better with other yet-to-be-identified facts that might somehow defeat prescription.
The recorded Covenants and the STPOA dues-payment obligation establish the following legal effects. First, the Covenants were a recorded juridical act by the single owner of the property in 1987. La. C.C. art. 776. Therefore, the Covenants are not a bilateral agreement between this plaintiff and this defendant. There is no personal, contractual obligation existing between these parties as a result of the recordation of the subdivider’s juridical act in 1987. Second, the dues-payment provision of the Covenants is an “affirmative duty” and real obligation arising only because of the defendant’s ownership of his Southern Trace lot. La. C.C. arts. 778, 1763, and 1764. Article 778 and the Louisiana Supreme Court’s ruling in Brier Lake, Inc. v. Jones, 97-2413 (La. 4/14/98), 710 So.2d 1054, recognize that a 12building restriction fee is a money obligation that must be reasonable and necessary for the maintenance of the general plan for the subdivision. Defendant’s responsibility for *846 payment of these homeowner’s dues “is limited to the immovable” and not a debt otherwise affecting his personal patrimony. La. C.C. art. 1764, Revision Comment (e).
The facts and legal arguments in this ease are identical to those in the Brier Lake case, upon which the trial court limited STPOA’s recovery of dues to two years. Brier Lake approved the application of the two-year prescription of Article 781 for building restrictions, as follows:
There is no doubt that Jones has an obligation to pay assessments as such assessments were provided for in the Original Restrictions signed by the developer of Brier Lake Estates. As stated earlier, “[p]rovisions that each purchaser of a lot in a subdivision shall automatically become a member of a corporation formed to provide maintenance of the common grounds, and that each member shall be subject to an annual assessment, have been enforced as reasonable and necessary.” Yiannopolis, Predial Servitudes, § 196 at pp. 519-520 (2nd Ed.1997). In addition, the duty to pay assessments has been characterized as an affirmative duty that may be imposed by a building restriction. Comment, Some Observations on Building Restrictions, 41 La. L.Rev, 1201, 1208 (1984). This obligation has also been recognized by the legislature in La. R.S. 9:1145 which establishes a procedure for recording a privilege on the immovable for which assessments are delinquent.
However, Jones’ obligation cannot be classified as a personal obligation. See Tall Timbers Owners’ Ass’n v. Merritt, 376 So.2d 586 (La.App. 4th Cir.1979) (obligation to pay assessments is a real obligation); see also La. C.C. art. 1764; Yiannopolis, The Work of the Louisiana Appellate Courts for the 1975-1976 Term-Property, 37 La. L.Rev. 317, 329-330 (1977) (questioning whether the duty to pay assessments can be classified as a personal obligation without an express stipulation to that effect).
Jones’ property was, by virtue of the recordation of the validly enacted Original Restrictions, subject to the Original Restrictions requiring the affirmative duty of paying assessments, not to exceed $180.00 per year. We hold that this obligation is properly characterized as a building restriction and is subject to the two-year prescriptive period of La. C.C. art. 775 and is not a personal obligation under La. C.C. art. 3499.
Brier Lake, supra at 1062-1063.
Regarding the 1999 enactment of the Louisiana Homeowners’ Association Act (“LHAA”), the statute only supersedes the Civil Code articles for the effect of building restrictions “in the event of a conflict.” La. C.C. art. 783. Therefore, the majority opinion’s statement, in dicta, that the LHAA “supersedes” the Civil Code articles for building restrictions, is too broad. Section 1141.5(B) reaffirms the Civil Code’s notion that building restrictions may have affirmative duties. La. R.S. 9:1141.5(B). That section, which uses the code-defined concept of building restrictions, does not expressly make a building restriction a personal obligation. Section 1141.8 says the obligation of a building restriction contained in a community document shall have the remedy provided by law. La. R.S. 9:1141.8. That does not specifically make a building restriction a personal obligation. Thus, I find nothing in the LHAA that overrules Brier Lake’s recognition of the two-year prescription rule for subdivision dues which are the real, not personal, obligations of lot owners.
The majority has now decided not to decide. Despite a lengthy analysis of the LHAA, the majority has not decided whether the new legislation overruled Brier Lake. Discussing decisions of the other *847 courts of appeal in this state, the majority has not decided whether this court should similarly disregard the holding of Brier Lake. STPOA brought this appeal, raising no assignment of error or argument that the trial court denied it the opportunity to demonstrate with additional evidence that the 1987 Covenants created personal obligations upon the defendant, who only acquired his lot years later. Yet, the majority refuses to decide this case on the clear |4Covenant obligation or building restriction, which all parties recognize and upon which the trial court’s ruling rests.
Civil Code Articles 778 and 781 are still the governing law for this case. Those Articles and Brier Lake have not been overruled by the LHAA. The trial court properly decided this case on the admitted facts of the Covenants and the delinquent dues extending back for over two years.